Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered August 19, 2013, dismissing the complaint, unanimously modified, on the law, to vacate the dismissal and to de *519 clare that plaintiff has no right to renew its lease after the lease expires in 2024, and, as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 18, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The lease on plaintiff tenant’s commercial space unambiguously provides that it may be renewed for a term commencing March 1, 2024 and expiring March 1, 2045 if, inter alia, defendant landlord has, in its discretion, exercised its right to renew its ground lease for the same period. That plaintiffs lease renewal is conditioned on defendant’s renewing its ground lease is also stated in two documents prepared contemporaneously with the lease, i.e., a “Memorandum of Lease” and the offering plan issued by defendant, a cooperative corporation. Plaintiff, which was the tenant under the ground lease, sponsored the 1974 conversion to cooperative use; it became the tenant of the commercial space, and its interest in the ground lease was assigned to defendant. Once defendant was named the primary tenant on the ground lease, it was reasonably foreseeable that defendant could chose, for any reason whatsoever, not to renew the ground lease (see Futterman v South African Airways, 126 Misc 2d 90, 92 [Sup Ct, NY County 1984, Saxe, J.]). Notwithstanding, plaintiff, which drafted the lease renewal provisions during the conversion process, failed to provide for an obligation requiring defendant to renew the ground lease under all circumstances. Defendant’s decision to not renew the ground lease, when it became the owner of the fee, was entirely consistent with the parties’ agreement (see Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]). Since the parties’ intent is clear from the lease itself, there is no need to resort to their course of performance thereunder to determine their intent (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Nor does the doctrine of prevention or frustration avail plaintiff where the contingency was foreseeable and defendants’ acts were consistent with the agreement (see HGCD Retail Servs., LLC v 44-45 Broadway Realty Co., 37 AD3d 43, 53-54 [1st Dept 2006]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Sweeny, J.P, Ren wick, Moskowitz, Richter and Gische, JJ.